IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LARRY SMITH, | : | |
| | : | |
| Plaintiff | : | CIVIL NO. 4:CV-04-2267 |
| | : | |
| v. | : | (Judge Jones) |
| | : | |
| DUANE BLACK, Warden, | : | |
| | : | |
| Defendant | : | |

**O R D E R**

October 3, 2005

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Plaintiff, Larry Smith ("Plaintiff" or "Smith"), an inmate formerly confined in the Luzerne County Correctional Facility, in Wilkes-Barre, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983.[1] He seeks damages and injunctive

---

1. On September 12, 2005, this Court's September 1, 2005, Order was returned to the Court as undeliverable, indicating that Plaintiff had been furloughed on June 24, 2005 and left no forwarding address. (Rec. Doc. 18). Thus, the Court finds an additional reason for dismissal of the Plaintiff's action.

    A *pro se* plaintiff has an affirmative obligation to keep both the Court and Defendants advised of his current address. (See Rec. Doc. 5, Standing Practice Order). Should such address change in the course of litigation, the plaintiff shall immediately inform the Court of such change, in writing. Id. If the Court is unable to communicate with the plaintiff because the plaintiff has failed to notify the Court of his or her address, the plaintiff will be deemed to have abandoned the lawsuit. Id. Thus, Plaintiff's failure to inform this Court of his current address, is construed as a failure to comply with both the rules and an

relief for an alleged violation of his First Amendment right to exercise his religion. On August 2, 2005, Defendant, Duane Black, filed a Motion for Summary Judgment, along with a statement of material facts and supporting brief. (Rec. Docs. 14-16). Previously, by Order dated September 1, 2005, Plaintiff was specifically directed to file a brief in opposition to Defendant's Motion for Summary Judgment. (Rec. Doc. 17). The Order forewarned Plaintiff that if he failed to file a brief within the required time, the Court would consider dismissing Plaintiff's complaint under the authority of Federal Rule of Civil Procedure 41(b) for failure to prosecute and comply with a court order. Id.

Generally, a dispositive motion may not be granted merely because it is unopposed. However, when a plaintiff fails to prosecute or comply with a court order, the court may dismiss the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Link v. Wabash Railroad Co., 370 U.S. 626, 629 (1962). In Link, the Supreme Court stated:

> The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in disposition of pending cases and to avoid congestion in the

---

Order of this Court, and may result in the dismissal of this action. See Fed. R. Civ. P. 41(b).

>> calendars of the District Courts. The power is of ancient origin, having its roots in judgments of <u>nonsuit</u> and <u>non prosequitur</u> entered at common law . . . . It has been expressly recognized in Federal Rule of Civil Procedure 41(b) . . . .

Id. at 629-30. The Third Circuit Court of Appeals held in <u>Stackhouse v. Mazurkiewicz</u>, 951 F.2d 29, 30 (3d Cir. 1991), that a district court should not dismiss a civil rights complaint brought by a former prisoner for failure to comply with a local rule requiring a response to a dispositive motion without examining the merits of the complaint. However, the Third Circuit Court of Appeals did not vitiate the Supreme Court's decision in <u>Link</u>, Rule 41(b) of the Federal Rules of Civil Procedure or the inherent power of the district court to impose the sanction of dismissal for failing to comply with a court order. Instead, the Third Circuit Court of Appeals specifically stated:

>> In reaching our result, we do not suggest that the district court may never rely on the local rule to treat a motion to dismiss as unopposed and subject to dismissal without a merits analysis. There may be some cases where failure of a party to oppose a motion will indicate that the motion is in fact not opposed, particularly if the party is represented by an attorney and in that situation the rule may be appropriately invoked. <u>Nor do we suggest that if a party fails to comply with the rule after a specific direction to comply from the court, the rule cannot be invoked</u>.

Id. at 30 (emphasis added); see also Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992) ("Poulis did not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation . . . [N]ot all of the Poulis factors[2] need be satisfied in order to dismiss a complaint. Instead, the decision must be made in the context of the district court's extended contact with the litigant. Ultimately, the decision to dismiss constitutes an exercise of the district court judge's discretion and must be given great deference by [the Court of Appeals].").

Although the deadline for filing an opposing brief has passed, Plaintiff has neither filed a brief in opposition to Defendant's Motion nor has he requested an extension of time in which to do so. Plaintiff was advised of the requirements of Local Rule 7.6 by the standard practice order issued in this case on October 18, 2004, and specifically directed to comply with Local Rule 7.6 by filing a brief in opposition. (Rec. Doc. 5). The Court finds that the dilatoriness of Plaintiff

---

2. The Court of Appeals in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984), identified six factors that are appropriate to consider before dismissing a case for the plaintiff's late filing of a pretrial statement. The six factors are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

outweighs any of the other considerations set forth in <u>Poulis</u>. The Court will, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, dismiss Plaintiff's complaint both for failure to prosecute and for failure to comply with an Order of the Court.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, Plaintiff's complaint is **DISMISSED** for failure to prosecute and comply with an Order of the Court.

2. The Clerk of Court shall **CLOSE** this case.

3. Any appeal from this order will be deemed frivolous, without probable cause and not taken in good faith.

s/ John E. Jones III
JOHN E. JONES III
United States District Judge
